## SUPREME COURT.

### HARVEY M. MIXER vs. SAMUEL KUHN.

A motion to change the place of trial cannot be made *before* issue joined. So held, by the whole court, in the eighth judicial district. (*The case of Barnard* v. *Wheeler*, 3 *How. Pr. R.* 73; *Beardsley* v. *Dickerson, ante, page* 81; *Lynch* v. *Mosher, ante, page* 86; *Myers* v. *Feeter, ante, page* 240; *and Schenck* v. *McKie, ante, page* 246, *commented upon and explained.*)

*Chautauque Special Term, May,* 1850.—The venue in this case is laid in the county of Erie. This motion is made for an order changing the place of trial to the county of Chautauque, for the convenience of the defendant and his witnesses. An answer has been served containing new and special matter, but no reply has been served, and the time to reply had not expired.

The plaintiff's counsel takes the preliminary objection that a motion to change the place of trial cannot be made till after the issues are joined. He cites *Barnard* v. *Wheeler*, 3 How. Pr. 73; *Beardsley* v. *Dickerson*, 4 id. 81; and *Lynch* v. *Mosher*, 4 id. 86.

The defendant's counsel cites *Myers* v. *Feeter*, 4 How. Pr. R. 240; and *Schenck* v. *McKie*, id. 246.

GEO. BARKER, *for the defendant.*

JOHN GANSON, *for the plaintiff.*

SILL, Justice.—Before the Judiciary Act of 1847 took effect, it was (as is now conceded) the settled rule of practice that a motion to change the venue for the purpose of changing the place of trial, might be made before the issue was joined, and if necessary to prevent delay, the defendant must move at the earliest practicable period after the declaration was served.

Whether any of the provisions of the Judiciary Act implied a change of the practice in this respect, or rendered any change expedient, it is not necessary now to inquire. Whatever that act may contain tending to such a conclusion, the same reasons, with others much more cogent, are found in the Code of Procedure.

The case of *Schenck* v. *McKie*, (4 How. Pr. R. 246,) holds that neither of these enactments furnishes any reason for a departure from the former practice, as to the time of making the motion to change the place of trial; and Judge WILLARD, in that case, says that this question was not involved or decided in either of the preceding cases of *Barnard* v. *Wheeler*, 3 How. Pr. R. 73, or *Lynch* v. *Mosher*, 4 id. 86. These

VOL. IV.    52

cases were understood as embracing and deciding the question now presented, and the learned judge certainly is mistaken in supposing that it was not decided in the first case.

It appeared in *Barnard* v. *Wheeler*, that the issue was not joined, and the counsel for the plaintiff objected that the motion was for this reason premature. Judge HARRIS, in delivering the opinion, mentions this as a point in the case, involving a construction of the Judiciary Act in relation to the change of venue, and therefore "important to consider," and he says "*the cause is not at issue*, and therefore, if the notice were sufficient, *the motion itself is premature*." That there were other points decided in the case, which would have disposed of the motion the same way, does not prove that this one was not properly raised, or that the judge travelled out of the case in deciding it.

In *Lynch* v. *Mosher*, it appeared that two special terms had been held in the district where the venue was laid, after the complaint was served and before the issue was joined, and that there was time after the service of the complaint to have given a notice of motion at either. By omitting to make the motion to change the place of trial at one of those terms, the plaintiff contended that the defendants had been guilty of laches, and that his application at a subsequent term should not be entertained.

To this objection the defendant answered that, under the present system of pleading, the motion to change the place of trial could not properly be made till all the pleadings were served. There were other laches also charged upon the defendant, but from these he claimed, and so it was held he might, under the circumstances of the case, be, upon terms, relieved. But if the motion could properly be made before issue, it was not pretended that the defendant had excused his neglect to make it at an earlier day. This appeared to me to present the same question now under consideration, and it was argued by counsel, examined carefully by me, and decided.

If the learned judge is right in supposing that I mistook the question before me for decision, still, the examination I then gave the matter satisfied me that, under the present system of pleading, no person can properly or safely make the requisite affidavit upon which to move to change the place of trial, or to oppose such motion until he knows what facts are admitted and what controverted in the case; that this should be known by both parties before they can be prepared, as honest men, to speak upon oath as to the necessity of the testimony of particular witnesses, to enable them to proceed to try the issues in the cause; and I have, since the case of *Lynch* v. *Mosher*, repeatedly so decided.

The case of *Beardsley* v. *Dickerson* (4 How. Pr. R. 81,) arose under the Code of Procedure, and the objection was there taken that the cause was not at issue and the motion premature. It appeared that an answer containing special matter had been served, to which there had been no reply. But the time for replying had expired, and hence all the issues in that cause arose upon the complaint and answer; the special matter in the latter being admitted for want of a reply. It was properly held that the objection was not founded in fact, and that the question did not then arise; still the manner in which the subject was treated by Mr. Justice PARKER implies his assent, I think, to the doctrine, that the motion should not be made until all the pleadings are served.

In the case of *Clark* v. *Pettibone* (2 Code Reporter, 78,) Judge ED-MONDS decided that the motion should not be made until after the issues were joined, and on this ground denied a motion to change the place of trial with costs.

In *Myers* v. *Feeter* (4 How. Pr. R. 240,) the learned judge *said* that the defendant, after the service of an answer, might move to change the place of trial before the expiration of the time to reply, but *the decision* which he felt constrained to make, goes far to establish the position taken by the plaintiff on this motion. There the plaintiff showed that *the answer contained new and material matter, and he could not yet determine what witnesses might be required upon the trial of the issues.* For this reason the motion was denied without prejudice to its renewal after the reply should be served.

The same reason for denying the motion is likely to exist always, when it is made before issue; showing that in such case the result is involved, irrespective of the merits, in uncertainty, and the defendant will be frequently put to the trouble and expense of making two motions to obtain an order, which most clearly, if the cause is in readiness for it, requires but one application.

But to my mind there were other and conclusive reasons for the decision in *Myers* v. *Feeter.* Until the reply came in, or the time to reply expired, the defendant could not know whether the special matter in the answer would be admitted or denied, and, if a conscientious man, he could not swear that it was unsafe for him to proceed to trial without witnesses to prove it. Nor could he know whether the reply would contain special matter which would require testimony on his part to rebut or explain.

So stand the authorities on one side of this question, and on the other is the case of *Schenck* v. *McKie*, above cited.

It is not contended that the Code of Procedure contains any provision designed directly to settle or control the point of practice now examined, but it is contended that the great change in the rules of pleading introduced by this statute, has made it necessary that the contents of the pleadings shall be known to the parties, before either can know what witnesses he will require on the trial.

This opinion was expressed and some reasons briefly given for it in *Lynch* v. *Mosher*. On the contrary, it is said in *Schenck* v. *McKie*, that " *it can be known as well by the defendant before as after issue, what facts will be material for him to prove on the trial.*" He knows, it is further said, what facts in the complaint he intends to controvert, and what he expects to set up in his answer, and his affidavit must disclose his defence to the other party.

Although the defendant may know the contents of the complaint, and what he designs to answer to it, still it is not easy to perceive how the defendant can know that he will need witnesses to prove his answer before he knows that it will be denied, or how he can anticipate the testimony necessary to meet a special reply, before he is apprised what the reply will contain.

Nor does the 48th rule, as has been said *require* the defendant to disclose in his affidavit the matters which he intends to set up in his answer. *He may do so*, but if he prefers to omit it, or make only a partial disclosure of his intended defence, how can the plaintiff determine before he sees the answer, what witnesses he will need to meet it.

Since the case of *Delavan* v. *Baldwin* (3 Caine's Rep. 104,) was decided, the only reason for requiring a defendant to move before issue to change a venue, has been to avoid delay. The adoption of a new judiciary system has almost entirely done away with this reason for the rule. When non-enumerated motions were made at general terms, of *which there were but four in a year*, judgment could be entered in term time only; and as late as 1845, there were only four terms in a year at which non-enumerated motions could be made, (Rule 48 of Sup. Court, 1845.) Now the almost weekly recurring special terms, the greater frequency of the circuit courts, and the law permitting judgments to be entered upon the coming in of a verdict at the circuit, have done away with what was before rather an excuse than a reason for moving for an order relative to the trial of an issue, before any issue existed. There will be a few cases in which the plaintiff will be delayed, by postponing the motion till the pleadings are served, and serious delay will not be likely to happen in any.

It has been said that the 47th rule implies that the motion shall be made before issue is joined, though it is not contended that this or any other rule provides in terms for this case. When the rule referred to was adopted, the question under consideration was not mentioned, and probably was not thought of. I am satisfied, that the members of the court did not intend to express an opinion upon the question, and have no doubt that the rule was adopted, without observing its want of adaptation to the changed state of the practice.

The motion must be denied, without prejudice to its renewal after issue joined, but the defendant having been induced to make the motion in this stage of the case by the decision in *Schenck* v. *McKie*, it must be without costs.

NOTE.—Justices MULLET, MARVIN and HOYT, to whom the foregoing opinion has been submitted, concur in it.